**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS ) <br> CHINESE-MANUFACTURED FLOORING ) <br> PRODUCTS  MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION, ) <br> _____ ) | **MDL No.: 1:15-md-02627-AJT** |

**THIS DOCUMENT RELATES TO CASES: 1:16-CV-02792, 1:17-cv-02802, 1:17-cv-02806, and 1:17-cv-02805**

**DEFENDANT
<u>LUMBER LIQUIDATORS' MEMORANDUM IN SUPPORT OF ITS AMENDED AND
CONSOLIDATED MOTION TO COMPEL</u>**

Defendant Lumber Liquidators, Inc., by counsel, hereby provides the following memorandum in support of its Amended and Consolidated Motion to Compel further discovery responses from Plaintiffs, Reznicek, Christman, Spence and Parks.

**FACTUAL BACKGROUND**

This Court required all Plaintiffs in the MDL to answer the Plaintiff Fact Sheet ("Fact Sheet"). Pretrial Order No. 7, dated October 8, 2015 ("Order No. 7")(Doc. No. 603). The Court ruled that the Fact Sheets "**will be treated as interrogatory requests and shall be signed under penalty of perjury**". Order No. 7, ¶ 3(a)(emphasis added).

The parties agreed that Plaintiffs added to the MDL must serve a Fact Sheet within 30 days of the date their case is transferred to the MDL (based on the finalization date of the Conditional Transfer Order.). See Exhibit A, March 10, 2017 Agreement between counsel.

Plaintiffs Reznicek, Christman, Spence and Parks have failed to comply with the Court's order because they have either failed to submit any Fact Sheet (Spence and Parks[1]) or have submitted incomplete fact sheets (Reznicek and Christman).

## GOOD FAITH EFFORTS TO AVIOD A DISPUTE

For those Plaintiff who served fact sheets – Reznicek, and Christman, -- Lumber Liquidators served deficiency letters identifying noncompliance. The Plaintiffs have either ignored those letters or have refused to correct the deficiencies noted.

Plaintiffs' most current Fact Sheets and the deficiency letters served on the above named plaintiffs are attached as follows: Christman: Exhibit B; Reznicek, Exhibit C.

## ARGUMENT

1. **Plaintiffs Have Not Complied With the Court's Order No. 7**

   A. **Plaintiffs Have Not Provided Full and Complete Answers to the Fact Sheet Questions Approved By The Court As Required**

The Court ruled that the Fact Sheet "will be **treated as interrogatory responses** and shall be signed under penalty of perjury". Order No, 7, ¶ 3 (a).   The Court further ordered that the parties add a preamble that "makes this instruction clear." *Id.* The court-approved Preamble provides:

> The Court has reviewed and approved the information requested in the PFS and has held that the information requests are governed by Federal Rule of Civil Procedure 33. The information requests in the PFS must be answered **separately, fully and under oath**. The Court has already **ruled on objections to the information requests in the PFS**. Therefore, the information must be provided without any additional objections except objections as to privilege

---

[1] Parks sent a fact sheet and some additional documents the same day as this filing.  Lumber Liquidators has not had an opportunity to review this fact sheet. The Fact Sheet was due on June 9, 2017 – 30 days after the case was assigned to the MDL.  (See Doc. No. 1104)   Spence has not submitted his fact sheet. It was due on May 7, 2017. (See Doc. No. 1089).

See Exhibit C. (emphasis added).

Plaintiffs Reznicek and Christman have not provided complete Answers to their Fact Sheets. The following are the specific deficiencies that remain.

### Christman

Q. 11   Plaintiff's answer is non-responsive and ambiguous. She says she recalls "sales ads in the newspaper for this flooring" but she does not identify the information she recalls about the flooring.

Q. 16.   Plaintiff's answer indicates she never leaves her home, ever. This answer is unreasonable.

Q. 23.  Plaintiff did not provide the address of the installer.

Q. 33. Plaintiff provides no information about her damages.

Q. 34. Plaintiff did not provide the specific year that the residence was built.

Q. 44.  Plaintiff did not identify the installation dates of wood furniture.

Q. 45. Plaintiff did not identify "Jack Carey" or his interest in the case. Plaintiff alleges that he has personal injuries. Therefore, she is obligated to identify his status.

### Reznicek (Johnnie)

Plaintiff failed to sign the Fact Sheet.

Preface:  Plaintiff did not indicate whether he graduated from Universal Technical Institute in Houston.

Q. 9.   Plaintiff's answer is non-responsive. Plaintiff does not identify "what was the communication" with Lumber Liquidators prior to purchase.

Q. 11.  Plaintiff's answer is non-responsive.  Plaintiff is obligated to provide the

3

dates he recalls seeing the television ads that he saw and the information he recalls seeing in the ads.

Q. 16   Plaintiff's answer does not provide the required time estimate for the time he spends in the 400 square feet of the home that had laminate flooring..

Q. 31.   Plaintiff's answer does not indicate the substance of the post-sale communication with Lumber Liquidators.

Q. 32.  Plaintiff did not identify how he contacted State Farm and who he notified. Also, he provided no information about his communications with State Farm.

Q., 40.  Plaintiff did not provide the HERS Index for the home.

Q. 43. The answer is contradicted by the test records.  The air test by A & B shows that formaldehyde levels in the nursery ( away from the small section with laminate) were identical to the formaldehyde levels in the kitchen. Plaintiff did not identify the places in his mobile home where he had wood paneling, wood furniture, wood cabinets and insulation.

Q. 46.  Plaintiff did not provide the required information about his felony conviction.

### Reznicek (Caitlin)

Plaintiff failed to sign the Fact Sheet.

Q. 16   Plaintiff's answer does not provide the required time estimate for the time she spends in the 400 square feet of the home that had laminate flooring.

Q. 32.  Plaintiff did not identify if she contacted State Farm and if so, who she notified. She, also, provided no information about her communications with State

Farm.

Q., 40.  Plaintiff did not provide the HERS Index for the home.

Q. 43. Plaintiff's answer is contradicted by the test records.  The air test by A & B shows that formaldehyde levels in the nursery ( away from the small section with laminate) were identical to the formaldehyde levels in the kitchen. Also, Plaintiff did not identify the places in the mobile home that had wood paneling, wood furniture, wood cabinets and insulation.

### Reznicek (Chelsey)

Plaintiff failed to sign the Fact Sheet.

Q. 16   Plaintiff's answer does not provide the required time estimate for the time she and Logan spend in the 400 square feet of the mobile home that had laminate flooring.

Q. 32.  Plaintiff did not identify if she contacted State Farm  and  if so, who she notified. Also, she provided no information about her communications with State Farm.

Q., 40.  Plaintiff did not provide the HERS Index for the home.

Q. 43. The answer is contradicted by the test records.  The air test by A & B shows that formaldehyde levels in the nursery ( away from the small section with laminate) were identical to the formaldehyde levels in the kitchen. Plaintiff did not identify the places in the mobile home that had wood paneling, wood furniture, wood cabinets and insulation.

### Reznicek (Dana)

Plaintiff failed to sign the Fact Sheet.

Q. 9. Plaintiff's answer is non-responsive. Plaintiff does not identify "what was the communication" with Lumber Liquidators prior to purchase.

Q. 11. Plaintiff's answer is non-responsive. Plaintiff does not provide the dates she recalls seeing the television ads that he saw or the information she recalls seeing in the ads.

Q. 16 Plaintiff's answer does not provide the required time estimate for the time she spends in the 400 square feet of the home that had laminate flooring.

Q. 31. Plaintiff's answer does not indicate the substance of the post-sale communication with Lumber Liquidators.

Q. 32. Plaintiff did not identify how she contacted State Farm and who she notified. Also, she provided no information about her communications with State Farm.

Q., 40. Plaintiff did not provide the HERS Index for the home.

Q. 43. The answer is contradicted by the test records. The air test by A & B shows that formaldehyde levels in the nursery ( away from the small section with laminate) were identical to the formaldehyde levels in the kitchen. Plaintiff, also, did not identify the places in the mobile home that had wood paneling, wood furniture, wood cabinets and insulation.

For the reasons outlined above, Lumber Liquidators respectfully requests that the Court compel Plaintiffs Reznicek, Christman, Parks and Spence to provide full complete and sworn answers to the Fact Sheets.

**B. Plaintiffs Have Not Accounted for Documents Missing from the Fact Sheets**

As part of Pretrial Order No. 7, the Court included a requirement for Plaintiffs to produce certain categories of documents in their response to the Plaintiff Fact Sheet. The named Plaintiffs, above failed to produce or account for documents required by the Plaintiff Fact Sheet.

Because of the difficulty in obtaining prompt and complete answers, Lumber Liquidators respectfully requests that the Court order Plaintiffs to state, under oath, that they have reviewed all ten documents requests and have searched for and produced all responsive documents.

This is entirely acceptable under the Federal Rules of Civil Procedure – particularly where the documents are known to have been in the parties' possession and the absence of documents calls for an explanation. Meeks v. Parsons, 2009 U.S. Dist. LEXIS 90283 * 9 (E.D. Cal. Sept. 18, 2009)( "Ordinarily, a sworn statement that a party has no more documents in its possession, custody or control is sufficient to satisfy the party's obligation to respond to a request for production of documents."); see also Superfilm of Amer., Inc. v. UCB Films, Inc., 219 F.R.D. 649, 651 (D. Kan. 2004), Lone Star Steakhouse & Saloon, Inc. v. Liberty Mut. Ins. Group, 2003 U.S. Dist. LEXIS 12160, 2003 WL 21659662 at *2-*3 (D.Kan. June 4, 2003)

The fact that Plaintiffs have not yet provided full, complete, signed and sworn interrogatory responses puts Lumber Liquidators at a disadvantage

## CONCLUSION

Plaintiffs Reznicek, Christman, Parks and Spence have had months to provide full and complete Fact Sheet responses. Parks[2] and Spence have not complied at all. Reznicek and Christman have provided incomplete responses and have ignored Lumber Liquidators "meet and confer" letters.

---

[2] As noted above, Parks provided a Fact Sheet today which Lumber Liquidators has not had an opportunity to review.

7

Lumber Liquidator's respectfully requests that the Court order the Plaintiffs to serve full, complete and signed fact sheet as required by Rule 33 and Order No. 7.

Dated: July 28, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LUMBER LIQUIDATORS, INC.

　　　　　　　　　　　　　　　　　　　　By Counsel

　　　　　　　　　　　　　　　　　　　　*/s/ Diane P. Flannery*
　　　　　　　　　　　　　　　　　　　　Diane P. Flannery (VSB No. 85286)
　　　　　　　　　　　　　　　　　　　　E-mail: dflannery@mcguirewoods.com
　　　　　　　　　　　　　　　　　　　　Robert F. Redmond, Jr. (VSB No. 32292)
　　　　　　　　　　　　　　　　　　　　Email: rredmond@mcguirewoods.com
　　　　　　　　　　　　　　　　　　　　McGuireWoods LLP
　　　　　　　　　　　　　　　　　　　　Gateway Plaza
　　　　　　　　　　　　　　　　　　　　800 East Canal Street
　　　　　　　　　　　　　　　　　　　　Richmond, Virginia 23219-3916
　　　　　　　　　　　　　　　　　　　　804.775.1015 (Telephone)
　　　　　　　　　　　　　　　　　　　　804.698.2047 (Facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2017 a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter.

*/s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)